```
LAURA E. DUFFY
United States Attorney
ZACHARY N. JAMES
Special Assistant United States Attorney
California State Bar No. 256887
United States Attorney's Office
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101
Telephone: (619) 557-5226

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

FILED
SEP 19 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. 11MJ9135 /11CR3965-LAB |
|---|---|
| Plaintiff, | ) STIPULATION OF FACT AND JOINT |
|   | ) MOTION FOR RELEASE OF MATERIAL |
| v. | ) WITNESS(ES) AND |
|   | ) ORDER THEREON |
| JOHN HERNANDEZ (1), | ) |
|   | ) (Pre-Indictment Fast-Track |
| Defendant. | ) Program) |

IT IS HEREBY STIPULATED AND AGREED between the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and Zachary N. James, Special Assistant United States Attorney, and defendant JOHN HERNANDEZ, by and through and with the advice and consent of defense counsel, Nathan Feneis, that:

1. Defendant agrees to execute this stipulation on or before the first preliminary hearing date and to participate in a full and complete inquiry by the Court into whether defendant knowingly, intelligently and voluntarily entered into it. Defendant agrees further to waive indictment and plead guilty to the pre-indictment information charging defendant with a non-mandatory minimum count

ZNJ:jam:8/11/11

of Harboring Illegal Aliens and Aiding and Abetting, in violation of Title 8, U.S.C., Secs. 1324(a)(1)(A)(iii) and (v)(II) (Felony).

2. Defendant acknowledges receipt of a plea agreement in this case and agrees to provide the signed, original plea agreement to the Government not later than five business days before the disposition date set by the Court.

3. Defendant agrees to plead guilty to the charge pursuant to the plea agreement on or before **September 9, 2011**.

4. The material witness(es), Jose Alfredo Jimenez, Francisco Perez-Cruz and Alberto Mendoz-Suarez, in this case:

    a. Are aliens with no lawful right to enter or remain in the United States;

    b. Entered or attempted to enter the United States illegally on or about August 5, 2011;

    c. Were found at a Motel 6 located on Smoke Tree Drive in El Centro, California, which defendant was the caretaker and that defendant knew or acted in reckless disregard of the fact that they were aliens with no lawful right to enter or remain in the United States;

    d. Were paying an amount between $4,000-$4,700 to others to be brought into the United States illegally and/or transported illegally to their destinations therein; and,

    e. May be released and remanded immediately to the Department of Homeland Security for return to their country of origin.

//
//
//

5. After the court has ordered the material witness(es) released, pursuant to this stipulation and joint motion, if defendant does not plead guilty to the charge set forth above, for any reason, or thereafter withdraws his guilty plea to that charge, defendant agrees that in any proceeding, including, but not limited to, motion hearings, trial, sentencing, appeal or collateral attack, that:

    a. The stipulated facts set forth in paragraph 4 above shall be admitted as substantive evidence;

    b. The United States may elicit hearsay testimony from arresting agents regarding any statements made by the material witness(es) provided in discovery, and such testimony shall be admitted as substantive evidence under Fed. R. Evid. 804(b)(3) as statements against interest of (an) unavailable witness(es);

    c. Understanding that under Crawford v. Washington, 124 S. Ct. 1354 (2004), "testimonial" hearsay statements are not admissible against a defendant unless defendant confronted and cross-examined the witness(es) who made the "testimonial" hearsay statements, defendant waives the right to confront and cross-examine the material witness(es) in this case; and,

6. By signing this stipulation and joint motion, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant certifies further that defendant has discussed the terms of this stipulation and joint motion with defense counsel and fully understands its meaning and effect.

Based on the foregoing, the parties jointly move the stipulation into evidence and for the immediate release and remand of the above-named material witness(es) to the Department of Homeland Security for return to their country of origin.

It is **STIPULATED AND AGREED** this date.

Respectfully submitted,

LAURA E. DUFFY
United States Attorney

Dated: 9/19/11

/s/ ZACHARY N. JAMES (for)
ZACHARY N. JAMES
Special Assistant U.S. Attorney

Dated: 9/14/11

/s/ Nathan Feneis
NATHAN FENEIS
Defense Counsel

Dated: 9-14-11

x /s/ John Hernandez
JOHN HERNANDEZ
Defendant

## O R D E R

Upon joint application and motion of the parties, and for good cause shown,

**THE STIPULATION** is admitted into evidence; and

**IT IS ORDERED** that the above-named material witness(es) be released and remanded forthwith to the Department of Homeland Security for return to their country of origin.

**SO ORDERED.**

Dated: 9/12/11

_____
United States Magistrate Judge